# PHILADELPHIA & READING RAILWAY COMPANY *v.* McKIBBIN.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 136.  Argued January 25, 1917.—Decided March 6, 1917.

In the absence of consent, a corporation of one State may not be summoned in another, in an action *in personam*, unless it is doing business in the State where it is served in such manner and to such extent as to warrant the inference that it is present there.

The process must be served on some authorized agent of the corporation.

The questions whether the corporation was doing business and whether the person served was its authorized agent being vital to the jurisdiction, either, if duly raised, is subject to be reviewed directly by this court, as to findings of fact as well as legal conclusions, upon certificate from the District Court under § 238 of the Judicial Code.

A railroad corporation not owning or operating any part of its railway, or holding other property, within a State, may not be said to be doing business there merely because cars shipped by it, loaded with the goods of its shippers, pass into that State, and are returned therefrom, over the line of a connecting carrier (each carrier receiving only its proportionate share of the freight charged for the interstate haul,) or because the connecting carrier, within the State, sells coupon tickets and displays the other carrier's name at its station and in the telephone directory, to promote travel and public convenience.

The fact that corporations subsidiary to another are doing business in a

State does not warrant finding that the other is present there, doing business.

Whether a corporation doing business in a State may be served there on a cause of action arising in another State and unrelated to the business in the first—not decided.

An arrangement by counsel, designed merely to facilitate an attempted service of summons on the president of a corporation while passing through a State and engaged on his private affairs, does not estop the corporation from contesting the jurisdiction upon the ground that it was not doing business in the State.

THE case is stated in the opinion.

*Mr. Pierre M. Brown* for plaintiff in error.

*Mr. Joseph A. Shay,* with whom *Mr. L. B. McKelvey* was on the briefs, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the State the process will be valid only if served upon some authorized agent. *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218, 226. Whether the corporation was doing business within the State and whether the person served was an authorizied agent are questions vital to the jurisdiction of the court. A decision of the lower court on either question if duly challenged is subject to review in this court; and the review extends to findings of fact as well as to conclusions of law. *Herndon-Carter Co.* v. *Norris, Son & Co.,* 224 U. S. 496; *Wetmore* v. *Rymer,* 169 U. S. 115. The main question presented here is whether

the plaintiff in error—defendant below—was doing business in New York.

The Philadelphia and Reading Railway Company, a Pennsylvania corporation, operated a railroad in that State and in New Jersey. McKibbin, a citizen and resident of New York, was a brakeman in one of its New Jersey freight yards. For injuries sustained there, he brought this action in the United States District Court for the Southern District of New York. The summons was served on defendant's president, while he was passing through New York engaged exclusively on personal matters unconnected with the company's affairs: The defendant appeared specially in the cause for the sole purpose of moving to set aside the service of the summons; and invoked the provisions of the Federal Constitution guaranteeing due process of law. The motion was denied "upon the sole ground that upon the facts stated in the affidavits said defendant is doing business within the State of New York, so as to be subject to service of process within said state." Under a right reserved in the order, the objection to the jurisdiction was renewed in the answer; and insisted upon at the trial before the jury. The motion to dismiss was again heard upon the affidavits originally presented; and was denied. Exceptions were duly taken. A verdict was rendered for the plaintiff; judgment entered thereon; and the case brought here on writ of error; the question of jurisdiction being certified in conformity to § 238 of the Judicial Code.

The affidavits established the following facts: No part of the Philadelphia & Reading's railroad is situated within the State of New York. It has no dock or freight or passenger ticket office or any other office or any agent or property therein. Like other railroads distant from New York, it sends into that State over connecting carriers loaded freight cars, shipped by other persons, which cars are in course of time returned. The carriage within that

State is performed wholly by such connecting carriers, which receive that portion of the entire compensation paid by the shipper therefor; and the Philadelphia & Reading receives only that portion of the compensation payable for the haul over its own line. The Central Railroad of New Jersey is such a connecting carrier; and has a ferry terminal at the foot of W. 23rd St., New York City. It issues there the customary coupon tickets over its own and connecting lines, including the Philadelphia & Reading and the Baltimore & Ohio. The whole ticket, in each case, is issued by the Central Railroad of New Jersey; and each coupon so recites. In these tickets there is a separate coupon for the journey over each of the connecting railroads; and the coupon for the journey over each such railroad bears also its name. Each coupon is declared thereon to be "void if detached." The Philadelphia & Reading receives in ultimate accounting between the carriers that portion of the fare which is paid for the journey over its own line. Passengers for points on the Philadelphia & Reading or on the Baltimore & Ohio, or beyond, may reach these railroads over the Central Railroad of New Jersey. At various places in and on this ferry terminal are signs bearing the name "Philadelphia & Reading," "P. & R." or "Reading"—and also like signs of the "Baltimore & Ohio," or "B. & O." In the New York telephone directory there are inserted the words "Phila. & Reading Ry., ft. W. 23rd St. Chelsea 6550." These signs on the terminal, this insertion in the telephone directory, and the information given in response to enquiries at the ticket office or over the telephone are all designed to facilitate and encourage travel and for the convenience of the public. Neither the Philadelphia & Reading nor the Baltimore & Ohio has any office or any employee at the terminal. The Philadelphia & Reading did not direct the insertion of its name in the telephone book. Chelsea 6550 is the number of the trunk line of the Central Rail-

road of New Jersey; and that company pays the whole expense of the telephone service.

An affidavit filed on plaintiff's behalf states that the names of the Philadelphia & Reading Coal & Iron Co. and of the Philadelphia & Reading Trans. Line, Towing Dept., appear in the telephone directory as at 143 Liberty Street, telephone number 5672 Cortlandt; and upon information and belief alleges that these are subsidiary companies of the Philadelphia & Reading and "tow the cars of said Company from the Jersey points to the City of New York."

The finding that the defendant was doing business within the State of New York is disproved by the facts thus established. The defendant transacts no business there; nor is any business transacted there on its behalf, except in the sale of coupon tickets. Obviously the sale by a local carrier of through tickets does not involve a doing of business within the State by each of the connecting carriers. If it did, nearly every railroad company in the country would be "doing business" in every State. Even hiring an office, the employment by a foreign railroad of a "district freight and passenger agent . . . to solicit and procure passengers and freight to be transported over the defendant's line," and having under his direction "several clerks and various traveling passenger and freight agents" was held not to constitute "doing business within the State." *Green* v. *Chicago, Burlington & Quincy Ry. Co.*, 205 U. S. 530. Nor would the fact, if established by competent evidence, that "subsidiary companies" did business within the State, warrant a finding that the defendant did business there. *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co.*, 205 U. S. 364. As the defendant did no business in New York, we need not consider its other contention, that it could not be sued there on a cause of action arising in New Jersey and in no way connected with the business alleged to be

done in New York. On this proposition we express no opinion.

On behalf of the plaintiff it was also urged that an arrangement between counsel by which service of the summons had been facilitated operated as a waiver of all objections to the jurisdiction of the court. We find this contention to be unfounded.

The judgment of the District Court is reversed and the cause remanded to that court with directions to dismiss it for want of jurisdiction.

*Reversed.*