DAVID R. JONES, JR., Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee, et al., Appellant.

**PROCESS:** Foreign Corporation—Coupon Tickets. The sale in this state by a resident carrier of a ticket which, under traffic arrangement with a foreign carrier, routes the passenger over the lines of such foreign carrier, does not make the selling carrier the agent of the foreign carrier; neither does such sale constitute a "doing of business" in this state by such foreign carrier. (Sec. 3529, Code Supp., 1913; Sec. 3532, Code, 1897.)

*Appeal from Dubuque District Court.—J. W. KINTZINGER,*
Judge.

DECEMBER 19, 1919.

REHEARING DENIED MARCH 17, 1920.

APPEAL from the action of the district court in refus-
ing to set aside a default judgment for want of service upon
the defendant the New York Central Railroad Company, it
appearing that the service relied on to give jurisdiction was
made on the ticket agent of the Illinois Central Railroad
Company at Dubuque, Iowa, by whom the ticket, with cou-
pon connection over the New York Central, was sold. The
court refused to set aside the default, held the service suf-
ficient, and the New York Central appeals.—*Reversed.*

*Lyon & Willging,* for appellant.

*Kenline & Roedell,* for appellee.

GAYNOR, J.—This is an appeal from the action of the
district court in overruling a motion filed by the New York
Central Railway Company to vacate and set aside a judg-
ment by default entered against it. This company appeared
specially, for the purpose of challenging the jurisdiction of
the court to enter this judgment by default. It challenged
the jurisdiction on the ground that the defendant was a
nonresident of the state of Iowa, and that the attempted
service of the original notice upon it did not confer juris-
diction upon the court to entertain the suit, or to enter
any default or judgment against it. The notice called in
question was served upon the ticket agent of the Illinois
Central Railway Company, at Dubuque.

The facts are that, prior to the 12th day of July, 1915,
plaintiff purchased from the defendant the Illinois Central
Railway Company, at Dubuque, a first-class coupon ticket
from Dubuque to New York City, over its line and over the

lines of the New York Central Railway Company. Plaintiff took passage on the ticket at Dubuque, and, on the 12th day of July, was forcibly ejected from and denied transportation on a train operated by and upon a line of the New York Central Railway Company, although he presented this ticket for transportation. Suit was begun against both companies, based on these facts. The only service of the original notice on the appellant was made on the ticket agent of the Illinois Central Railway Company in charge of the ticket office of the Illinois Central Railway Company at Dubuque, the same agent who sold the ticket to the plaintiff before referred to. The ticket was an ordinary coupon ticket, and on its face entitled the plaintiff to ride over the lines of the Illinois Central Railroad Company to Chicago, and thence over the New York Central Railway to New York City.

The court denied defendant's motion, and from this action the New York Central appeals, and presents for our consideration the following questions:

"1. Did the district court of Dubuque County, Iowa, acquire jurisdiction over the defendant New York Central Railway Company by the service of the original notice on an agent of the Illinois Central Railway Company, its co-defendant, at Dubuque, Iowa?

"2. Does the fact that the agent of the Illinois Central Railroad sold a ticket over his own line, and also over the lines of the New York Central, a connecting line, in and of itself constitute the agent so selling the ticket the agent of the connecting line?

"3. Did the service of notice upon the agent of the carrier selling the ticket confer jurisdiction over the connecting carrier, which has no line of railway within the state of Iowa, where the ticket was sold, transacts no business therein, and is not a resident of the state?"

In the determination of this case, two statutes of our own state are involved, all found in the Code of 1897, reading as follows:

"Sec. 3529. If the action is against any corporation or person owning or operating any railway * * * or against any foreign corporation, service may be made upon any general agent of such corporation, company or person, wherever found, or upon any station, ticket or other agent or person transacting the business thereof or selling tickets therefor in the county where the action is brought; if there is no such agent in said county, then service may be had upon any such agent or person transacting said business in any other county.

"Sec. 3532. When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

From the affidavits filed in the cause, it appears that the New York Central is an incorporated company, organized and existing under the laws of the states of New York, Pennsylvania, Ohio, Michigan, Indiana, and Illinois; that it has always been a resident of those states; that its principal place of business is in the state of New York; that it has duly authorized agents in the states aforesaid, upon whom service can be made; that it has never been a citizen or resident of the state of Iowa; that it never did or transacted any business within the state of Iowa, except such as is involved in the sale of coupon tickets over its lines by other companies within this state; that it has no principal place of business or other office in the state of Iowa, except as the same may be inferred from the fact that other companies in the state of Iowa, in selling tickets over their own

lines, sold coupon tickets over this company's lines. It operates no lines and controls none in the state of Iowa.

It further appears that, during the time covered by this controversy, the Illinois Central Railway Company had and maintained a station at Dubuque, Iowa, at which place it sold tickets for carriage of passengers over its own lines to Chicago, and from thence east over the lines of the New York Central; that, at its station at Dubuque, and through its agents there located, it collected the full fares, including that part for transportation over the road of the New York Central Railway Company, and accounted for and turned over to the New York Central fares thus collected for the part of the transaction covering the latter's lines; and that this method of doing business was authorized by the New York Central Railway Company, through general traffic arrangements between connecting carriers and the said company.

There is some showing that the New York Central did transact business in Iowa through a freight solicitor, and had an office at Dubuque for that purpose, and that it had a traveling passenger ticket agent; but it affirmatively appears that the person on whom the notice was served was not the freight solicitor, and was not in charge of any office at Dubuque controlled by the defendant; and it does not appear that the traveling ticket agent resided in or transacted any business for appellant in Iowa. There is nothing in this record to show that the New York Central had done, or at the time of this transaction was doing, any business in the state of Iowa through the Illinois Central Railway, except as the same may be inferred from the fact that tickets were sold by the Illinois Central Railroad in the state of Iowa, good over the lines of the New York Central as a connecting carrier. There is no evidence that this agent on whom service was made represented the New York Central,

or had authority to transact any business for the New York Central, other than such as may be inferred from the fact that it sold a ticket good over its own line to Chicago, with a coupon ticket attached, good over the lines of the New York Central.

The selling carrier acts for itself.   It has its own agent; it has its own station and agents for the transaction of business in that station; and these are entirely under its control.   Its primary purpose is to sell tickets over its own line.   Under traffic arrangements, it may route its passengers over the lines of connecting carriers beyond its terminus.   It receives the full fare from the passenger.   It reimburses the connecting carrier out of the amount received from the passenger for its services in carrying the passenger over the connecting line.   This in no sense makes the selling carrier the agent of the connecting carrier in the sale of the ticket to the passenger.   The connecting carrier, under the traffic arrangements, agrees simply to perform a part of the services which the selling carrier has contracted to render the passenger, and is reimbursed by the selling carrier out of the amount received, to the extent of the services so rendered by the connecting carrier.

In order that a court of this state may acquire jurisdiction over any person, it must appear that the person over whom it seeks jurisdiction was, at the time, subject to the jurisdiction of the state courts.   Before a foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, it must appear that it is subject to the jurisdiction of the courts of the state; that it is doing business within the state in such manner and to such an extent as to warrant the inference that it is present in the state at the time.   Before a defendant can be brought into any court, he must be subject to the jurisdiction of the court. The service of process is only for the purpose of subjecting

him to the jurisdiction of the particular court whose juris-
diction is invoked.    Unless the defendant is subject to the
jurisdiction, the service of process does not confer juris-
diction.    The process only draws the body of the defendant
into the particular court for the purpose of a particular
transaction.    The defendant must be subject to the juris-
diction before he can be drawn by process and subjected
to its jurisdiction; or, in other words, the corporation must
be present in the state, either in person or by authorized
agents, before the jurisdiction of the state court attaches.
It is made subject then to the jurisdiction of the particular
court by the service of process.    As said by Justice Bran-
deis, in *Philadelphia & Reading R. Co. v. McKibbin,* 243
U. S. 264 (61 L. Ed. 710) :

    "A foreign corporation is amenable to process to en-
force a personal liability, in the absence of consent, only
if it is doing business within the state in such manner and
to such an extent as to warrant the inference that *it is
present there.*    And even if it is doing business within the
state, the process will be valid only if served upon some
authorized agent."

    In that suit, the service was challenged.    The record
disclosed the following facts:    No part of the defendant's
railroad was situated within the state of New York.    It
had no freight or passenger ticket office or any other office
or any agent or property therein.    Like other railroads dis-
tant from New York, it sent into that state, over connect-
ing carriers, loaded freight cars, shipped by other persons,
which cars were, in course of time, returned.    The carriage
within that state was performed wholly by such connect-
ing carriers, which received that portion of the entire com-
pensation paid by the shipper therefor.    The defendant
company received only that portion of the compensation
payable for the haul over its own line.    The Central Rail-
road of New Jersey was such a connecting carrier.    It is-

sued there the customary coupon ticket over its own and connecting lines, including the defendant company. The whole ticket was issued by the Central Railroad of New Jersey in New Jersey. In the tickets there was a separate coupon for the journey over each of the connecting roads, and the coupon for the journey over each of such roads bore also its name. In the ultimate accounting between the carriers, each received that portion of the fare which was paid for the journey over its own line, and it was said:

"Obviously, the sale by a local carrier of through tickets does not involve a doing of business within the state by each of the connecting carriers."

If it did, nearly every railroad company in the country would be "doing business" in every state. Even hiring an office, and the employment by a foreign railroad of a "district freight and passenger agent" to solicit and procure passengers and freight to be transported over the defendant line, and having under his direction "several clerks and various traveling passenger and freight agents," were held not to constitute "doing business within the state."

The holding of that case is that the selling of coupon tickets by a resident company over connecting lines of a foreign company does not make the seller of such ticket the agent of the foreign company in the transaction. The act of selling, by the local company, is not the act of the connecting company, so as to justify the inference that it is transacting business within the state, and, therefore, present in the state, and subject to its jurisdiction. And it is said that to hold otherwise would be to say that every foreign company over whose lines coupon tickets are sold is, for the purpose of suit, a resident of the state in which the selling company is operating, and would have the effect of forcing these companies to defend in these foreign courts against any suit which might be begun in any state

in which a connecting carrier sold a coupon ticket over its lines, though the wrong complained of was within the state of the foreign corporation's domicile.

It will be noted that, in the *McKibbin* case, supra, the defendant was a foreign corporation; that the service was made upon its president while he was traveling within the territory over which the court had jurisdiction. He was traveling, however, not on the business of the corporation, but on private business, at the time, and therefore did not bring the corporation into the district with him. He was not representing the corporation or transacting corporation business in the district at the time the service was made upon him. The plaintiff undertook to show that the foreign corporation itself was doing business in the district at the time, and, therefore, was present in the district at the time service was made upon its president. The court, however, held that the selling of a coupon ticket over its lines, by an agent of a local company within the district, did not constitute the doing of business within the district in such manner and to such an extent as would warrant the inference that it was present and doing business in the district.

The logic of the holding is that the local company's act in selling a coupon ticket over a connecting carrier's line was not the act of the connecting carrier. If it was the act of the connecting carrier, then the connecting carrier was doing business in the district. The logic of the opinion is, further, that the local company by whom the ticket was sold was not the agent of the connecting carrier in the transaction of that business.

Applying the logic of the case to the facts here, we must hold that the act of the Illinois Central, through its local agent at Dubuque, was not the act of the New York Central, and no inference can be drawn from the act that this company was present in Iowa, and doing business within the state. To give the court jurisdiction, therefore, it

must appear that what was done warrants the inference that this company was present in the state of Iowa. Its presence must be evidenced by some act done in the state of Iowa which indicates that it is doing business in the state of Iowa. If the facts shown here in this case do not justify that inference,—and the *McKibbin* case holds they do not,—then the New York Central was not present in Iowa at the time the ticket was sold, and the selling of tickets by the Illinois Central did not bring the corporate entity within the jurisdiction of the state of Iowa. But even if we should assume that there is evidence that it was doing business in the state of Iowa, other than is involved in this act, no jurisdiction was acquired in this case, because the service of notice was made upon no agent authorized by it to transact business in the state of Iowa. Of course, a corporation does all its business through agencies, and is bound by the act of its authorized agents, and, when doing business in the state of Iowa in such a way as to warrant an inference of its presence in the state of Iowa, notice may be served upon an agent transacting business for it in the state. This, by virtue of our statute. But to bring the corporation within the jurisdiction of the court for any purpose, it must appear that the process that draws it into the jurisdiction of the court was served upon some agent of the corporation doing business for the defendant in the state of Iowa, in such manner as justifies the inference that this corporation is present in Iowa.

So it would appear that, on both propositions, the notice was insufficient to draw this corporation within the jurisdiction of this court; or, in other words, the defendant sought to be charged must be subject to the jurisdiction of the court, and, to be charged, must be brought within the jurisdiction of the court by proper notice. Unless the person sought to be charged is subject to the jurisdiction of

the court, no notice served upon him brings him within the jurisdiction of the court for any purpose. If it is subject to the jurisdiction of the court, it may be brought before the court by proper notice, and the court, having jurisdiction of the subject-matter, then assumes jurisdiction of the person. In the case of a corporation, which acts only through. agents, it must appear that the corporation is present in the state, and subject to the jurisdiction of the state courts. It may be brought then into the jurisdiction of the particular court by the service of original notice; but that notice, to be effectual, and to draw the corporation within the jurisdiction of the particular court, must be served upon the corporation, and the service becomes effectual as a service upon the corporation when it is served upon any of the agents designated by the statute on whom service is authorized to be made. Though a corporation be within the jurisdiction of the court, service upon one .not authorized by the statute, or upon one who does not represent the corporation in the state, is not service upon the corporation; and that is the situation here. We think the decision in the *McKibbin* case is conclusive upon the contentions made here. See, also, opinion of Judge Reed, of the Northern District of Iowa, in *McGuire v. Great Northern R. Co.*, 155 Fed. 230.

Upon the whole record, we think the district court erred in holding that it had jurisdiction of the defendant in this case; that it should have sustained defendant's motion to set aside the default and judgment; that it erred in not doing so. Its judgment is, therefore,—*Reversed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.