MAUD M. BELL *v.* THE VIAVI COMPANY, a corporation of the State of California.

GUY BELL *v.* THE VIAVI COMPANY, a corporation of the State of California.

(*June* 28, 1928.)

PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and RODNEY, J. J., sitting.

*Clarence A. Southerland* and *E. Ennalls Berl* (of Ward & Gray) for plaintiffs.

*Henry R. Isaacs* for defendant.

Court in Banc, New Castle County, January Term, 1928.

Nos. 29 and 30, Superior Court for New Castle County, January Term, 1928.

PENNEWILL, C. J., delivering the opinion of the court:

Process was served on Jennie C. Graham, in this city, who admits that she is an agent of the Eastern Viavi Company, but denies that she, or the Eastern Viavi Company, is an agent of the defendant company.

Is the defendant doing business in this state within the meaning of the law? An answer to that question depends,

(1)  Upon whether it is doing any business in the state;

(2)  Upon the nature and extent of the business done, if any; and

(3)  Upon whether the reasonable inference from the business done, is that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized agents or officers present within the state where service is attempted.

As was said in the case of *Philadelphia & Reading Railway Co. v. McKibbin*, 243 *U. S.* 264, 37 *S. Ct.* 280, 61 *L. Ed.* 710:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such·manner and to such extent as to warrant the inference that it is present there."

See, also, *People's Tobacco Co. v. American Tobacco Co.*, 246 *U. S.* 79, 38 *S. Ct.* 233, 62 *L. Ed.* 587, *Ann. Cas.* 1918C, 537.

Applying this test to the instant case, what is the result?

The first thing to consider is, whether the defendant corporation was doing any business in this state.

The facts upon which the plaintiff must rely were brought out in the cross-examination of the defendant's witnesses who testi-

fied that the California Company was not doing any business here, and that any business done here in the products or remedies of said company was done by the Eastern Viavi Company, an independent company which controls the sales of the remedies manufactured by the California Company, east of the Mississippi River and, therefore, in Delaware. Such was, in effect, the testimony of the witness Sharpe, who claimed to be an officer of the Eastern Company. He testified that the California Company was a manufacturing company, and the Eastern Company an independent company, with different directors and officers, and engaged in selling the remedies of the original company; that the relationship of the Eastern Company was the independent one of buyer and seller.

Is there anything in the testimony which contradicts this testimony by showing that the relation existing between the two companies was that of principal and agent?

It is not very important what the officer of the Eastern Company may have said, if it sufficiently appears from the testimony by the admissions of the defendant that the Eastern Company was, in fact, the agent of the California Company.

There was introduced in evidence by the plaintiff a metal can containing a composition which defendant's witness, Sharpe, designated as "Viavi Cerate." It was admitted by Sharpe that this remedy and all others introduced in evidence were manufactured and sent out by the defendant company for distribution.

Upon the metal can above mentioned is found the following, which may be regarded as an admission of the defendant:

Great Divisions
of
The Viavi Company
The Eastern Viavi Company
Chicago, Illinois   **   Washington, D. C.
and
New York City, N. Y.
Canada Viavi Co., Ltd.,
Toronto, Ont.    Vancouver, B. C.

Then follow several other divisions.

According to the testimony the can referred to, and bearing the above inscription was one of those furnished to the plaintiff

first named, and its contents were used by her in accordance with the directions given to her by the various letters of instruction that are in evidence.

The fact that the Eastern Company, which dealt directly with the plaintiffs, is an agent of the defendant company, is further shown, we think, by a writing in the magazine of the defendant company called "The Viavi Cause," which is in the following form and language:

The Viavi Cause
Devoted to the interests of those who are users of and those who are dealers in Viavi Pharmaceutical Preparations
Home Office and Laboratories:
The Viavi Company
636 Pine Street,          San Francisco, California

Division Headquarters as follows:
Eastern Viavi Company
1632 Stevens Building, Chicago, Illinois
Eastern Viavi Company
916 Colorado Bldg., Washington, D. C.

After mentioning other offices, there follows this statement:

"Branch offices in many principal cities throughout the World."

And so, according to the literature sent out by the defendant company, whether on container or in its paper, we are warranted in concluding that the Eastern Company with which the plaintiffs did business, was a division of the defendant company, having an office elsewhere, and engaged in the sale and distribution of the products or remedies of the defendant company.

In further proof and admission of the relation of principal and agent between the two companies, reference may be made to a book entitled "Viavi Hygiene," which was admitted in evidence. This book is cloth bound, large in size, and states upon the fly leaf that it is—

"Published by
"The Viavi Company,
"636 Pine Street,
"San Francisco, California, U. S. A."

Upon the page preceding the table of contents is a list of Viavi offices, beginning with the name of the defendant company in Cali-

fornia. The second on the list is the Eastern Viavi Company. This book "published by" the defendant company, invites the reader to "address any Viavi office," and this invitation is repeated many times. And to show more clearly that the various offices are the defendant's offices, the invitation is sometimes changed, when the book is dealing with certain afflictions, the sufferer being invited to address a letter to the defendant company.

If further proof were needed of the fact that the defendant was doing business in this state, it may be found in "leaflets" which are in evidence, and admitted by Sharpe to have been published by the defendant and forwarded to the Eastern Company for distribution. Manifestly, they were scattered throughout this state for two were obtained through the Delaware office, and another contains a testimonial from a lady in Delmar, Delaware. The leaflets contain testimonial letters and also a blank form which a sufferer is invited to fill out, stating his symptoms, give his name and address and send to The Viavi Company, in San Francisco. Two of the leaflets in evidence containing testimonial letters are addressed to "Delaware Viavi Company" while another is addressed to Eastern Viavi Company. There is no Delaware Viavi Corporation.

There can be no doubt, we think, from the evidence, some of which we have not mentioned, that the defendant company was, at the time process was issued, giving treatments, prescribing and furnishing medicines or remedies and doing business in this state in such manner and to such extent as to warrant the inference that it was present here and subject to the local jurisdiction.

In view of the literature and remedies shown to have been distributed by the defendant directly, or by its various divisions and offices, and the invitation extended to people here to deal with the company at its home office in San Francisco, at the office of the Eastern Viavi Company, or any other division or office of the defendant, the court feel constrained to hold that it was doing business here in such a way as to subject the corporation to the laws of this state. We are unable to view the relation of the Eastern Company to the California Company in any other light than that of agent.

We are not unmindful of the statement of the witness, Sharpe, that the Eastern Company was not an agent of the California Company, but an entirely independent company; that the one was a selling company and the other a manufacturing and distributing company. But, we think Mr. Sharpe's statement is not so much a fact as a conclusion he would draw from the facts.

The suit is not against the Eastern Company, but the California Company, and the court's conclusion is based on the admissions of the defendant as evidenced by the exhibits in the case, and not upon the opinion of Mr. Sharpe, an officer of the Eastern Company.

From the facts above stated, our conclusion is that the motion of the defendant company to vacate the return of process in this case must be denied.

It is ordered that this opinion be, and it is hereby certified to the Superior Court of New Castle County.