**BREHM v. DELAWARE & H. R. CORPORATION et al. (two cases).**

District Court, S. D. New York.

Oct. 26, 1931.

John B. Rucker, of White Plains, N. Y., for plaintiffs.

James McPhillips, of Glens Falls, N. Y., for defendants.

CAFFEY, District Judge.

Plaintiffs are residents of Pennsylvania. The collision between an automobile and a railroad train out of which the actions grew occurred in Saratoga county. That county is in the Northern District of New York. On these facts, due to the crowded condition of the calendars in the Southern District of New York, even if it had discretion, this court should refuse jurisdiction, unless retention be compulsory or unless there be a strong showing of relative inconvenience as the result of rejection.

From the affidavits submitted it plainly appears that, on the whole, the greater relative convenience of the parties would require that the trial occur in a state or federal court in the Northern District of New York.

Two defendants are named. One is the Delaware & Hudson Railroad Corporation; the other is the Delaware & Hudson Railroad. There is no such thing as the Delaware & Hudson Railroad. Preceding the accident, a corporation known as the Delaware & Hudson Company operated the railroad with which we are concerned; but before the accident that company transferred the property to the Delaware & Hudson Railroad Corporation, which at the time of the accident operated and ever since has operated it. Accordingly, the pending motions must be regarded as if the suits were brought solely against the Delaware & Hudson Railroad Corporation.

By force of section 6 of the Federal Employers' Liability Act (45 United States Code, § 56 [45 USCA § 56]), a plaintiff in an action based on that statute has an option to sue in the district in which the defendant resides or in which the cause of action arose or in which the defendant is doing business at the time of commencement of suit. That provision of law has no application here, however, for the reason that this is a common-law action. In consequence of its being a common-law action, jurisdiction is governed by section 52 of the Judicial Code (28 United States Code, § 113 [28 USCA § 113]). The latter provision of law is peremptory in terms, and the court is without discretion in applying it.

Where, pursuant to section 52 of the Judicial Code, a suit of the present character is brought against a single defendant which is an inhabitant of this state, it "must be brought in the [New York] district where he resides." The sole issue, therefore, is whether or not the defendant resides in the Northern District of New York.

The proof establishes the following facts: The Delaware & Hudson Railroad Corporation was organized and exists under

the laws of New York. Its corporate papers specify a place in the Northern District of New York as its place of business. Moreover, its railroad is wholly situated in that district, and its actual operation is directly under the supervision of officials located there. On these facts, I think that the defendant undoubtedly resides in the Northern District of New York. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 647, 648, 36 S. Ct. 466, 60 L. Ed. 841; Cf. Gorman v. A. B. Leach & Co. (D. C.) 11 F.(2d) 454. In their affidavit, as well as in oral argument, plaintiffs treat the matter as if we were concerned with whether the defendant does business in the Southern District of New York; but that question is wholly irrelevant.

Motions granted. Settle orders on three days' notice.