## PEEBLES v. CHRYSLER CORPORATION et al.

### No. 8191.

District Court, W. D. Missouri, W. D.
Feb. 23, 1932.

C. A. Randolph, of Kansas City, Mo., for plaintiff.

Ryland, Stinson, Mag & Thomson and Meservey, Michaels, Blackmar, Newkirk & Eager, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

On motion to quash. Chrysler Sales Corporation alone, of the above defendants, has been served with process. It was served both by writ of attachment and a summons on garnishment. It has moved to quash the service in both instances for the reason, as alleged, it is not doing business within the state of Missouri so as to subject it to the service of process. Service was attempted in both cases by delivering writ and summons to N. W. Seidell and J. T. Condon, salesman for and sales representative of said corporation. Both of these parties were called as witnesses, and both testified that they were salaried employees of said corporation, and were engaged in soliciting business for their principal within the state and other states. However, their efforts were made in behalf of and as an aid to distributors and dealers, or as mere soliciting agents, and they did not make contracts with purchasers within the state.

■ While the courts have not laid down an all embracing rule by which it may be determined what constitutes the "doing of business" by foreign corporations in such manner as to subject them to jurisdiction, yet as a general proposition the test is whether or not such agent is only soliciting business, but also concluding business transactions in the state.

In International Harvester Co. of America v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 946, 58 L. Ed. 1479, the court, in distinguishing Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530, 27 S. Ct. 595, 596, 51 L. Ed. 916, pointed out that the mere solicitation of business was not such transacting of business as to bring the corporation within the jurisdiction of the court. In the International Harvester Case, "the agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state in our judgment constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state."

While it is true that the court said that the Green Case, supra, was an extreme case, yet the court disavowed a purpose to depart from the principle there announced to the

effect that the corporation was not subject to jurisdiction if the business of the agent upon whom service was attempted was solely and alone solicitation for the principal. "He sold no tickets and received no payments for the transportation of freight." To the same effect was the rule announced in Stephan v. Union Pacific Ry. Co. (D. C.) 275 F. 709, written by Judge Booth as District Judge.

The foregoing distinction in the cases was further announced in People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, loc. cit. 87, 38 S. Ct. 233, 235, 62 L. Ed. 587, Ann. Cas. 1918C, 537, where again the court denied that the corporation was doing business within the state so as to subject it to process, where the soliciting agents sent into the state had "no authority beyond solicitation."

The court followed the Green Case, supra, and supported its decision by Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, loc. cit. 268, 37 S. Ct. 280, 61 L. Ed. 710, and distinguished the International Harvester Co. Case, supra.

Upon the evidence in the case, the defendant, upon which process was attempted, is not subject to the jurisdiction of the court, and therefore its motion to quash service will be sustained. This makes it unnecessary to order an amendment of the Marshal's return to conform to the facts. It is so ordered.