## WOOD v. DELAWARE & H. R. CORPORATION.*

District Court, S. D. New York.
July 23, 1932.

*Order reversed — F.(2d) —.

H. T. Newcomb, of New York City, for the motion.

Sydney A. Syme, of White Plains, N. Y., opposed.

WOOLSEY, District Judge.

This motion is granted and the complaint is dismissed on the ground that the plaintiff cannot claim venue in this district if defendant does not consent. This dismissal is without prejudice to bringing action elsewhere in an appropriate venue. There will not be any costs.

The plaintiff is and her intestate was a resident of Oneonta, Otsego county, N. Y. The accident happened at Howe's Cave, Schoharie county, N. Y. The defendant is a New York corporation, with its principal offices in Albany, N. Y., and therefore a resident of Albany county. Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 647–648, 36 S. Ct. 466, 60 L. Ed. 841; Brehm v. Del. & Hudson R. R. Co. (D. C.) 1 F. Supp. 217, per Caffey, J., October 26, 1931.

All the places above mentioned are within the Northern District of New York. But the defendant maintains financial offices in New York City where service of the summons herein was had on its assistant treasurer. None of its rail lines are within this district, however.

Appearing specially, the defendant moves to dismiss the complaint on the ground that it cannot be sued in invitum in this district because the accident did not happen herein, it does not reside herein, and, though it has a financial office herein, the cause of action was not in any way connected with any business done at that office. This last question, on which the instant motion turns, was reserved by the Supreme Court in Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 268–269, 37 S. Ct. 280, 61 L. Ed. 710, as unnecessary for decision in that case. It seems to me, however, that, as the question has now arisen for decision, the point taken by the defendant is good, and is supported by every consideration of common sense and convenience. For a statement of such consideration, see Davis v. Farmers' Co-op. Equity Co., 262 U. S. 312, 315, 316, 43 S. Ct. 556, 67 L. Ed. 996.