## PRINCE v. HOTEL BERMUDIANA CO., Limited, et al.

District Court, S. D. New York.
Feb. 28, 1936.

Abraham M. Fisch, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond Parmer, of New York City, of counsel), for defendants.

PATTERSON, District Judge. ·

Motion is made to quash service of process on the defendant Hotel Bermudiana Company, Limited. That defendant is a corporation organized under the laws of Bermuda. Service was made on two of its officers who were temporarily in New York. The question is whether this foreign corporation was doing business in the district so as to be subject to suit here. The action was commenced in the state court and duly removed to this court.

The business conducted is that of operating a hotel in Bermuda called the "Bermudiana." The company solicits patronage here by means of circulars and advertisements, and in these it is stated that information and reservations can be obtained "at New York office 34 Whitehall St. or 634 Fifth Ave." But in fact the company has no office in New York. The offices referred to are those of Furness, Withy & Co., Limited, a corporation which operates steamships between New York and Bermuda and also acts as booking agent for all hotels in Bermuda, including the Bermudiana, for a commission of 10 per cent. All bookings are confirmed and accepted in Bermuda. The hotel company leases no space in these offices; it has no employees there; its name is not on the doors; it is not listed in the telephone book.

From these facts it is evident that the hotel company is not doing enough in this district to be subject to suit here against its consent. The fact that executive officers were served while here temporarily, even on business of the company,

does not subject the company to suit here. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596. The soliciting of patronage here by another concern, as broker or booking agent, does not bring the company here. The agents of Furness, Withy & Co. were not the hotel company's agents. Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Bank of America v. Whitney Nat. Bank, 261 U.S. 171, 43 S. Ct. 311, 67 L.Ed. 594; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

The plaintiff urges that the hotel company submitted to the jurisdiction when it filed its petition to remove the case from the state court. But the appearance on the petition was a special one, and it is settled that such a special appearance for purpose of removal is not a waiver of the objection to jurisdiction. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517.

The motion to quash service will be granted.