## MAISEL v. GDYNIA AMERICA SHIPPING LINES, LIMITED.

### No. 1977.

District Court, W. D. New York.

March 24, 1937.

Lester Harwood Block, of Buffalo, N. Y., for plaintiff.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion to set aside the service of the summons and to dismiss the complaint on the ground, among others, that the service of process was in violation of the due process clause of the Constitution (Amendment 5). It is not necessary to consider the other grounds urged on the motion.

Defendant is a foreign corporation. Whether it is doing business within the state to the extent that "warrants the inference that it is present there" and whether service was made on an authorized agent are the determining factors. To sustain his service both must concur. Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S.Ct. 280, 61 L.Ed. 710.

Service of process was made on an officer of Gdynia America Line, Inc., in New York. Defendant is a foreign corporation, Gdynia America Line, Inc., a domestic corporation. So far as the record discloses, the facts going to show agency on the part of the domestic corporation for the defendant lie in the solicitation of sale of passenger transportation tickets and freight shipments from this country to foreign ports and making arrangements for transmittal of money orders drawn on defendant for provisioning of defendant's vessels. Defendant's docks are in New Jersey.

Under the weight of authority, it is not seen how the service of process can be sustained. Philadelphia & Reading Ry. Co. v. McKibbin, supra; Green v. Chicago, Burlington & Quincy Railway Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc. (C.C.A.) 29 F.(2d) 164; People's Tobacco Co., Ltd., v. American To·

bacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Prince v. Hotel Bermudiana Co. (D.C.) 14 F.Supp. 798. "The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established." Bank of America v. Whitney Bank, 261 U.S. 171, 43 S.Ct. 311, 312, 67 L.Ed. 594.

Motion granted.