## STOKE v. PETER FOX BREWING CO.

### No. 862.

District Court, N. D. Texas, Wichita Falls Division.

April 2, 1938.

Mathis & Caldwell, of Wichita Falls, Tex., and Pines, Stein & Beber, of Chicago, Ill., for the motion.

Bullington, Humphrey & King and John Humphrey, all of Wichita Falls, Tex., opposed.

ATWELL, District Judge.

The plaintiff brought a suit in the state district court for $257,000 for the alleged breach of a commissions sales contract. He alleged that the defendant was an Illinois corporation engaged in the brewing of beer, and that he made a contract with it to solicit orders for its beer in Texas and Oklahoma. That he expended some funds in presenting its product to his customers, and that when the beer was received it proved, in some instances, to be otherwise than as warranted. His contract extending over a period of ten years, he places his losses, by the alleged breach thereof, at the figure mentioned above. Service was had, in the state court, upon W. J. Fox, the secretary of the defendant corporation.

The defendant removed the cause to this court and seasonably filed its motion to quash and dismiss.

Testimony was taken on the issue of "doing business" in Texas.

The defendant had no permit to do business in Texas. It received orders from the plaintiff, which the plaintiff had secured from persons in Texas and Oklahoma, which orders were transmitted to it in Chicago. It determined upon their receipt whether it would fill them. For this service the plaintiff was to be paid a commission of 5 per cent. upon all accepted orders. It had no office in Texas. At the time Fox was served in Wichita Falls, he was there on private oil business, not connected with the defendant's business in any way. While in Texas on that visit he had gone to Dallas where he had received from Sam Zabey & Son a check for $1,300, which he transmitted to Chicago for deposit, to the credit of the defendant, and which represented part payment for a carload of beer, for which, he, Fox, had secured the order when he was in Texas the preceding October. On the October visit the plaintiff had telephoned

Fox while he, Fox, was in Dallas, to go to see Sam Zabey & Son; that he, Stoke, understood that they wished to buy a car of beer, and Fox did so. The visit resulted in the order. On that October visit Fox also met Stoke at Fort Worth where he, Fox, took up unsatisfactory beer from customers from whom the plaintiff had secured the order in the above-mentioned manner.

The testimony introduced further shows that the defendant had no warehouse nor store, nor facilities in the state of Texas, and no merchandise on hand anywhere in that state. That when orders were received in Illinois, they were turned over to the credit department who investigated the customers' credit rating and financial standing, and after the investigation the credit man would bring that information to him, William Fox, and Mr. O'Connor. The officers then either accepted or rejected the order. Such investigation was not only made through Bradstreet, but by long-distance telephone. Arrangements were also made as to whether the terms should be ten days or cash, or fifteen days. The plaintiff had no authority whatever to make any contract for the defendant. The plaintiff usually sent the orders, which he succeeded in securing, by wire, mail, or telephone. Orders were also received from customers direct. They were received by mail and sometimes by telephone.

Upon this state of fact I do not believe that the defendant corporation is doing business within the state of Texas in such manner and to such extent as to warrant the inference that it is present there.

So far as the record discloses, the Fort Worth settlement and the Dallas settlement were merely sporadic settlements upon a chance visit of Fox, and in connection with a telephone conversation from the plaintiff.

When the large volume of business is considered, those two transactions were trifling.

In recalling cases in which the higher courts have spoken on this subject, we are reminded that it has been determined, definitely, that the mere renting of an office and the solicitation of business is insufficient to subject a corporation to the service of process. Occasional settlements have been equally ineffective. In the case of Davega, Inc., v. Lincoln Furniture Manufacturing Co., 2 Cir., 29 F.2d 164, the solicitor had a display room, and in that room he had several sets of furniture, the name of the defendant on the window and in the phone book; the defendant's name was also listed in the building directory. The soliciting agent occasionally made adjustments and occasionally sold some of the sample sets. When considered with the volume of business, it was held that the facts recited were insufficient to subject the foreign corporation to service in the state of New York. See, also, Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Green v. Chicago, Burlington & Quincey Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S. Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Prince v. Hotel Bermudiana Co., D.C., 14 F.Supp. 798; Maisel v. Gdynia American Shipping Lines, D.C., 18 F.Supp. 727.

In Bank of America v. Whitney Bank, 261 U.S. 171, 43 S.Ct. 311, 312, 67 L.Ed. 594, it was said that: "The jurisdiction taken of foreign corporations, in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like 'qui facit per alium facit per se.' It flows from the fact that the corporation itself does business in the state or district in such a manner and to such an extent that its actual presence there is established." Compare Alley v. Bessemer Co., 5 Cir., 262 F. 94; Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Edward Sales Co. v. Harris Co., D.C., 17 F.2d 155; Ballard Co. v. Munson S.S. Line, 6 Cir., 25 F.2d 252; Fowble v. Chesapeake & O. Ry. Co., D.C., 16 F.2d 504.

In Hilton v. Northwestern Expanded Metal Co., D.C., 16 F.2d 821, it was held that a foreign manufacturing corporation having salesmen and a branch office for soliciting business in the state, all orders taken and salaries and expense of salesmen and branch being passed on by home office, was not doing business within the state, for the purposes of suit therein, notwithstanding occasional investigation of disputes and collection of slow accounts through the branch.

In Peebles v. Chrysler Corporation, D.C., 57 F.2d 867, it was stated that the general test is whether the agent is concluding business transactions as well as soliciting business, and that a foreign corporation which had soliciting agents in the state, aiding distributors and dealers, was not subject to jurisdiction in that state.

This is a case of the solicitation of orders and the acceptance or rejection of them

at the home office. Such a course does not subject the Illinois corporation to a suit in Texas.

The motions to dismiss and quash are sustained.