### RICHARDSON v. NORTH AMERICAN CLAY CO.

District Court, S. D. New York. Sept. 8, 1941.

Kemp, Robinson & Leighton, of New York City, for plaintiff.

William J. McArthur, of New York City, (John P. Wourms, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The fourth defense to the complaint alleges that this action is improperly instituted in this district, since neither plaintiff nor defendant is a resident of the State of New York. See Judicial Code, § 51, Title 28, U.S.C.A. § 112.

The plaintiff administratrix moves to strike out this fourth defense. The complaint alleges that she is a citizen and resident of South Carolina, and that the defendant is a corporation organized under the laws of the State of Delaware. The accident, which caused the decedent's death, occurred in South Carolina. The venue of this suit is based on the claim that the defendant corporation is transacting business within this district and is therefore amenable to suit. From the affidavits submitted, all that appears is that the defendant corporation has an office for the transaction of business at 230 Park Avenue, a telephone listing in the Manhattan directory and the presence of a resident officer at this address. Nothing with respect to the nature, extent and manner of conducting business is shown.

After examining the cases submitted by both sides, as well as independently examining the pertinent authorities, the court is of the opinion that on the facts as presented, the defendant corporation is not doing business within this district in such manner and to such extent as to warrant the inference that it is present here. Philadelphia & R. Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Davega, Inc. v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164; Elevator Supplies Co., Inc. v. Wagner Mfg. Co., D.C., 54 F.2d 937; Stein v. Standard Oil Co. of California, D.C., 36 F.2d 258. However, further proof necessary to establish jurisdiction in this court may be secured by invoking the appropriate provisions of the Federal Rules of Civil Procedure, Rule 26 et seq., 28 U.S.C.A. following section 723c.

The motion to strike the fourth defense is denied without prejudice to a subsequent application upon more complete proof as to the nature and extent of the defendant's business activities within this district.