## MURRAY v. GREAT NORTHERN RY. CO. et al.

### Civ. A. No. 5492.

District Court, E. D. Pennsylvania.

May 24, 1946.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Harold Scott Baile, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a motion by Great Northern Railway Company, defendant, to dismiss the action as to it, on the ground that it is not doing business in this district and hence can not be served here. The plaintiff was an employee of the Pullman Company and was injured in Minnesota by the alleged negligence of the defendant, so that this is an ordinary tort action, governed by the law of Minnesota. As to this defendant, diversity of citizenship is pleaded as the basis of federal jurisdiction.

The defendant, a Minnesota corporation, maintains an office in Philadelphia, with a number of employees who are engaged in the solicitation of business. It has no tracks in Pennsylvania and owns no property here other than the office equipment. Salaries are paid from its general office, outside of this state, and supplies are forwarded from that office. If a passenger desires a ticket to some point on the defendant's system, an employee will take his money and purchase a ticket for him from one of the local railroads. Such ticket, of course, will have the ordinary coupon ticket attached to it permitting the purchaser to travel over defendant's lines.

The foregoing would appear to be the only activities carried on by the defendant in this district. They are identical with those carried on by the defendant in the case of Green v. Chicago, Burlington & Quincy Railway Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, except that in the present case no "prepaid orders" for tickets were sold or bills of lading issued. The question before me has, therefore, been squarely ruled upon by the Supreme Court in its decision of that case. It may be, as the plaintiff contends, that the doctrine of Green v. Chicago, Burlington & Quincy Railway Co., supra, will not be followed. However, the case has never been overruled, either expressly or impliedly.

The recent case of International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 161 A.L.R. 1057, decided December 3, 1945, is distinguishable on several points from the present case. In that case the salesman solicited orders for merchandise, the filling of which was the business of the defendant, and the decision dealt with the power of a state to regulate the activities of a foreign corporation within its borders and its power to enforce such regulation through its courts.

The motion is granted.