## LASKY v. NORFOLK & W. RY. CO.
### No. 10108.

Circuit Court of Appeals, Sixth Circuit.
Oct. 12, 1946.

Allan Hull, of Cleveland, Ohio (M. C. Harrison, Allan Hull, and Harrison & Marshman, all of Cleveland, Ohio, on the brief), for appellant.

L. L. Towell, of Cleveland, Ohio (Henry J. Bannon and Bannon, Bannon & Howland, all of Portsmouth, Ohio, and H. J. Crawford and Squire, Sanders & Dempsey, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

On motion of the defendant carrier in an action for damages for death by wrongful act, brought in the United States District Court for the Northern District of Ohio, the service of summons was set aside and the case dismissed. The basis of the dis-

trict court's action was that the defendant, a foreign corporation, was not "doing business" within the Northern District of Ohio in such manner as to be amenable to service of process there.

On affidavits and depositions, it had been established that lines of the foreign corporation, The Norfolk and Western Railway Co., entered territory embraced within the Southern District of Ohio and that no part of its lines is located within the Northern District. The railroad company maintains an office in Cleveland, Ohio, within the Northern District for the solicitation of freight and passenger business. A commercial agent, a district manager and four other of its employees worked there. The business solicited was quite extensive, but no contracts for transportation of freight were made in the Cleveland office, nor were any bills of lading issued, claims settled, cash accounts kept, or railroad tickets sold there.

Both the plaintiff administratrix and plaintiff's decedent were residents of the Northern District of Ohio. Service of the summons was made upon the district manager of the coal bureau of the defendant railway company at its Cleveland, Ohio, office, in the Northern District of that state.

The district court grounded its action in vacating the summons and dismissing the cause upon the authority of Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Hinchcliffe Motors v. Willys-Overland Motors, D.C. Mass., 30 F.Supp. 580; and Appel v. Louisville and Nashville Railway Co., No. 11162, D.C.Ohio, Judge Westenhaver.

Counsel for appellee supplement Green v. Chicago, Burlington and Quincy Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, as supporting authority for the district court's holding.

We have reached the conclusion that recent opinions of the Supreme Court clearly indicate that the judgment of the district was erroneous. In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 158, 90 L.Ed. ——, 161 A.L.R. 1057, it was held that a foreign corporation, systematically and continuously employing residents of a state as salesmen to canvass for orders may be sued in the state where such canvassing was carried on. Chief Justice Stone wrote an elaborate review of the authorities; and said, inter alia, that the "presence" of a corporation without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it; and that such contacts of a corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend a particular suit brought there may satisfy the demands of due process.

In Mississippi Publishing Corporation v. Dennis Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. ——, the Supreme Court held, on January 2nd of the current year, that, inasmuch as under the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, in diversity of citizenship cases suits may be brought in the district of the residence of either the plaintiff or the defendant, a suit brought in the district of the plaintiff's residence may not be dismissed if the service of summons was effective to make the defendant a party. It was pointed out that service of summons issuing out of the Northern District of Mississippi was authorized upon an agent of the defendant in the Southern District of that state, by Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held." On the reasoning and authority of the Mississippi Publishing Corporation opinion, written by Chief Justice Stone, there is equal necessity for upholding the service of process here, as there.

Accordingly, the judgment of the district court is reversed; and the cause is remanded.