## WILLETT v. UNION PAC. R. CO.
### Civil Action No. 25328.

District Court, N. D. Ohio, E. D.

Feb. 4, 1948.

Payer, Bleiweiss, Crow & Mollison, of Cleveland, Ohio, for plaintiff.

James C. Davis, Squire, Sanders & Dempsey, all of Cleveland, Ohio, for defendant.

FREED, District Judge.

The crux of the problem posed by the motion to quash service and dismiss is whether The Union Pacific Railroad Company is doing business within the State of Ohio in such manner and to such an extent as to justify the inference that it is present here. If it is, then although a foreign corporation, it is amenable to process to enforce a personal liability in this State.

It is manifest from the profusion of decided cases that there is no rule of thumb by which determination may be made as to what constitutes the required amount of transacting business. Each case must be decided upon the character of its particular facts. Green v. Chicago B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; St. Louis S. W. R. v. Alexander, 227 U.S. 218, 63 S.Ct. 245, 57 L.Ed. 486, Ann. Cas.1915B, 77; International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Peoples Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S. Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926.

Plaintiff's petition, removed here from the State Court, seeks to recover damages for injuries sustained while he was a passenger on one of defendant's trains in Wyoming. Service on the defendant's general agent is assailed on the ground that submission to the jurisdiction of this Court would violate the due process clause of the Constitution. The extent and method of carrying on business in Ohio by the Union Pacific Railroad, is gleaned from the deposition of its general agent and the supporting affidavit to the motion to dismiss of an assistant secretary of the Railroad.

The eastern termini of the lines of Union Pacific, a Utah corporation are Council Bluffs, Iowa and Kansas City, Missouri. It maintains a Cleveland office for the declared purpose of soliciting both freight and passenger business. The personnel of this office consists of a general agent in charge, three freight solicitors, a stenographer and two clerical employees, all residents of Greater Cleveland. None of these employees are authorized to make contracts, issue bills of lading, settle or negotiate for the settlement of claims, collect accounts or sell tickets; the Railroad does not have a bank account in Ohio and all bills and salaries are paid by the main office located in Omaha, Nebraska.

Evidently the Cleveland office was opened and maintained by the defendant with the

studied and calculated desire of immunizing the Railroad from service of court process here. It is clear, however, that the soliciting of business by it is systematic, continuous and quite extensive. As it was done for this plaintiff, it frequently buys tickets from a connecting carrier for passengers traveling on Union Pacific Lines. Although in the deposition of the general agent it is asserted that the railroad acts as agent for the passenger in the purchase of tickets and uses the passenger's funds to acquire the tickets, the plaintiff in this instance paid at the Cleveland office for his transportation by check payable to The Union Pacific Railroad. The check was deposited in the Railroad's account in a Chicago bank.

In addition to soliciting business, the local office renders divers services to the Union Pacific shippers e. g. tracing shipments and investigating damage to special loading equipment on Union Pacific freight cars which come into Ohio. A report of the damage is sent to the home office in Omaha, and all repair orders are issued from there. Union Pacific claim adjusters come to Cleveland on various occasions and use the local office as their headquarters.

The conclusion is inescapable, that contrary to the defendant's contention, the employees of the Cleveland office perform other duties than merely soliciting passenger and freight traffic.

In the light of the decision of the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 and of Sixth Circuit Court of Appeals in Lasky v. Norfolk & Western Ry. Co., 6 Cir., 157 F.2d 674, 675, the above described activities carried on by the defendant inexorably subject it to the jurisdiction of this Court.

The interpretation of the effect of the Court's holding in the International Shoe Company case, supra, found in the following language in the Lasky case:

"* * * It was held that a foreign corporation, systematically and continuously employing residents of a state as salesmen to canvass for orders may be sued in the state where such canvassing was carried on. Chief Justice Stone wrote an elaborate review of the authorities; and said, inter alia, that the 'presence' of a corporation without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it; and that such contacts of a corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend a particular suit brought there may satisfy the demands of due process."

leaves no doubt as to the solution of the question here involved.

The motion to dismiss is overruled.