## WEBBER v. PAN AMERICAN AIRWAYS, Inc.

### Civ. No. 3054.

United States District Court
D. Minnesota, Fourth Division.

Aug. 25, 1949.

Paul J. McGough and Wright W. Brooks, Minneapolis, Minn. (Faegre & Benson, of Minneapolis, Minn., of counsel), appeared in behalf of defendant in support of said motions.

Irving H. Green, of Minneapolis, Minn., appeared in behalf of the plaintiff in opposition thereto.

NORDBYE, Chief Judge.

It appears that Pan American Airways, Inc., is a corporation organized under the laws of the State of New York, with its principal place of business in the City of New York. It is not qualified or authorized to do business in the State of Minnesota. It does not now, and never has, operated any airlines in and over the State of Minnesota. Its nearest airline is some fifteen hundred miles from Minneapolis. Plaintiff's alleged damages did not arise out of any alleged act or omission on the part of the defendant in this State. The only activity conducted in Minnesota is the solicitation of foreign traffic over its airlines entirely without the State of Minnesota. This is carried on from its Minneapolis office by four employees. It has no property save office equipment in this State. The record is silent as to any activity whatsoever by the defendant in this State outside of solicitation of business. Service

was made upon the sales manager in charge of the off-line agency office located in Minneapolis. Jurisdiction is based upon diversity of citizenship, plaintiff being a resident of Oklahoma.

■■■ There is an unbroken line of authorities which hold that mere solicitation of business by a foreign corporation is not doing business within the State so as to warrant a holding that the defendant is present there for the purpose of service of process. Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Maxfield v. Canadian Pacific Ry. Co. et al., 8 Cir., 70 F.2d 982, and cases cited on page 984. In the Maxfield case, the court approved the holding of the trial court wherein it was stated that, 70 F.2d at page 984: "the maintenance of an office for the mere purpose of soliciting business where it appears that neither corporation has any property within this state, and has no lines of transportation herein, and does not receive or deliver passengers or freight herein, will not justify or warrant a finding that these defendants are present within the State of Minnesota." At the outset, it would seem, therefore, that the Maxfield decision requires the dismissal of this action for lack of jurisdiction.

Plaintiff apparently relies on Kilpatrick v. Texas & Pacific Ry. Co., 2 Cir., 166 F.2d 788, wherein Judge Learned Hand reasoned that the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, had restated the doctrine of "presence" so as to make it no longer identical with "doing business." The Kilpatrick case involved jurisdiction under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., but the court assumed to state generally its conception of jurisdiction where venue of an action is not specifically provided. However, it seems clear that the Kilpatrick case will not avail plaintiff herein. The crux of the teachings of that case, so far as the present issue is concerned, is to be found in the court's language, 166 F.2d on page 791, wherein it stated: " * * * when a railroad or any other corporation is doing business continuously outside the state of its incorporation, that 'presence' which subjects it to personal service in actions for which no venue is specifically provided, depends upon the issue of 'forum non conveniens.'" In other words, where there is a continuous doing of business by a corporation outside the state of its incorporation, the "presence" of the foreign corporation is to be determined by weighing the conflicting interests of convenience to the parties as to the matter being tried in the forum selected by plaintiff—"whether the gain to the plaintiff in retaining the action where it was, outweighed the burden imposed upon the defendant; or vice versa." Kilpatrick v. Texas & Pacific Ry. Co., supra, 166 F.2d at page 791.

■■■ But accepting Judge Hand's application of the alleged restatement of the doctrine of "presence" in the International Shoe Co. case, and assuming that mere continued solicitation of business in a state by a foreign corporation, without more, constitutes doing business therein, the facts of the present case conclusively negative the requisite presence in this State of the defendant company for the service of process. It appears from the complaint that plaintiff embarked on a missionary survey around the World from the State of New York and for that purpose entered into a contract of transportation with the defendant Airways Company. He alleges that, because defendant failed to prepare and maintain certain immunization records which pertained to him as a passenger enroute around the World on defendant's lines, he was placed under quarantine at Karachi, Pakistan, and his detention there forms the basis of his claim for damages herein.

Obviously, in applying the doctrine of forum non conveniens to the issue of defendant's "presence" in this State, it must follow that, in weighing the relative advantages and disadvantages to the litigants, plaintiff has wholly failed to establish jurisdiction. There is not a single witness or a single item of evidence in Minnesota which can shed any light on the controversy. As stated, plaintiff resides in Oklahoma. Apparently the contract for his

transportation was made in New York. Defendant's principal place of business is in that State. Those who may have any knowledge of defendant's failure in the respects alleged necessarily reside long distances from this forum. Plaintiff has failed utterly to establish or suggest any convenience or advantage even to himself in having this controversy tried in this forum outside of the fact that his counsel resides here. The alleged "presence" of the defendant in this State is so clearly refuted by the admitted facts that further discussion seems wholly unnecessary. It must follow, therefore, that defendant is not amenable to process in this jurisdiction with respect to the controversy alleged herein, and this Court lacks jurisdiction. The purported service on the defendant and return of service of the summons and complaint is therefore vacated and set aside, and the action dismissed for lack of jurisdiction. It is so ordered. An exception is allowed.

In view of the foregoing, it is not necessary to consider the alternative portion of defendant's motion.