**FIORELLA v. BALTIMORE & O. R. CO. et al.**

**Civ. A. No. 10003.**

United States District Court E. D. Pennsylvania.

April 6, 1950.

G. Fred DiBona, Philadelphia, Pa., for plaintiff.

Robert M. Landis, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by a Pennsylvania citizen against the Baltimore & Ohio Railroad Company (hereinafter called B&O,) a Maryland corporation, and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (hereinafter called CMSP&P), a Wisconsin corporation. It is now before me on the CMSP&P's motion to quash the service of summons on it and to dismiss the complaint as to it.

The plaintiff, while unloading a railroad car in the Philadelphia Navy Yard on August 13, 1947, was injured when he was struck on the head by a door lock which fell off the car door. This railroad car was owned by the CMSP&P, but had left its custody and control on June 7, 1947, was delivered to the Philadelphia Navy yard by the B&O, and was not returned to the custody and control of the CMSP&P until August 29, 1947.

The defendant CMSP&P is a foreign corporation which is neither registered nor licensed to do business in Pennsylvania. It has no tracks in Pennsylvania and does not transport any passengers or freight over the tracks of any other railroad in Pennsylvania. The CMSP&P does lease office space in Philadelphia and is listed in the telephone directory; however, the sole purpose of this office is to solicit interstate freight and passenger business which will

travel over its system outside of Pennsylvania.

This office has seven employees. None of these employees is an officer or director of the CMSP&P, and none is authorized to adjust claims, accept service of process, or in any way to bind the CMSP&P. The employee in charge, upon whom service was made, divides his time between this office and the Washington, D. C. office; the other three principal employees cover the states of Delaware, Maryland and Virginia as well as Pennsylvania.

No bank account or petty cash fund is maintained in Philadelphia or elsewhere within the Eastern District of Pennsylvania. All salaries and expenses are paid by checks drawn on Chicago, Illinois banks and are issued from the Chicago office. All office supplies are furnished by the Chicago office, and none is purchased by the Philadelphia office. No bills of lading are issued out of the Philadelphia office, but this office does sell approximately eight passenger tickets a month for travel over its lines in other states. The only property situated within the Eastern District of Pennsylvania which is owned by the CMSP&P is office furniture in the Philadelphia office.

The CMSP&P has moved to quash the service of summons upon it and to dismiss the complaint. Among the several reasons it has given in support of its motion is the allegation that it is not doing business within the Commonwealth of Pennsylvania.

In Green v. Chicago, Burlington, & Quincy R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, the Supreme Court established the "solicitation doctrine"—that is, a railroad company which has no tracks and runs no trains within a district is not doing business within that district for the purpose of service of process merely because it rents an office, hires an agent, and advertises these facts in order to solicit freight and passenger traffic over its lines in other states.

Although the Green case was called "extreme" in International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, that Court expressly stated in the same sentence that it had "no desire to depart from that decision." Id. 234 U.S. at page 586, 34 S.Ct. at page 944, 946. Later, the Green case was cited with approval by Mr. Justice Brandeis in Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 268, 37 S.Ct. 280, 61 L.Ed. 710, and by Mr. Justice Day in People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537, and has been followed or cited in many lower court opinions.

In Minker v. Pennsylvania R. Co., D.C., 63 F.Supp. 1017, 1018, Chief Judge Kirkpatrick, of this district, acknowledged in a dictum statement, that the Green case is law today. Thereafter, in Murray v. Great Northern Ry. Co., D.C., 67 F.Supp. 944, he granted a motion to dismiss on the authority of the Green case.

The facts in this case are on all fours with those in the Green case, except that here the CMSP&P sells about eight tickets a month by its Philadelphia office while in the Green case no tickets were sold by its local office.

This difference, to me, is not sufficient to distinguish this case from the Green case. That the CMSP&P will sell an occasional ticket to one whose business has been successfully solicited does not take it out of the "solicitation doctrine". Cf. Cannon v. Time, Inc., 4 Cir., 115 F.2d 423, 425; Goepfert v. Compagnie Generale Transatlantique, 3 Cir., 156 F. 196.

Although it was not sworn to in an affidavit, I believe that what actually happens here when a passenger wants to buy a ticket is the same as happened in the Murray case. A clerk will take the money and buy the ticket from a connecting railroad which runs trains in Pennsylvania; this ticket will have the necessary coupon attached to it so that the passenger may ultimately ride over the CMSP&P's lines. Neverthless, even if this be not so, the situations here and in the Murray case are so similar and analogous that I should be guided by what Judge Kirkpatrick has established to be the law in this district.

The plaintiff urges that under International Shoe Co. v. State of Washington,

326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, the CMSP&P is doing business in ·Pennsylvania. In that case Mr. Chief Justice Stone recognized that when it is questionable whether a foreign corporation is doing business within a state, there is a distinction between those suits arising out of an activity within a state and those "arising from dealings entirely distinct from those activities." Id. 326· U.S. at pages 317–319, 66 S.Ct. at page 159. The International Shoe Co. case was in the former category; this case before me is in the latter classification and does not fall within the scope of the International Shoe Co. case. Furthermore, the CMSP&P's activities within this District are not of sufficient quality or quantity to make it amenable to service of process on a cause of action which does not arise out of those activities. Ibid.

The CMSP&P has given other reasons in support of its motion. However, in view of the foregoing discussion, I do not have to decide the validity of these other contentions.

The motion of the defendant Chicago, Milwaukee, St. Paul and Pacific Railroad Company to quash the service of summons on it and to dismiss the complaint as to it is granted without prejudice.