## SMITH v. LOUISVILLE & N. R. CO.

United States District Court
S. D. New York.
May 1, 1950.

Myers & Guerin, New York City, for plaintiff.

Bleakley, Platt, Gilchrist & Walker, New York City, Dennis P. Donovan, New York City, of Counsel, for defendant.

SAMUEL H. KAUFMAN, District Judge.

Defendant moves (1) to dismiss for lack of jurisdiction of the person and (2) to dismiss for improper venue, or (3) in the alternative, to transfer the action pursuant to section 1404(a), Title 28 U.S.C.A.

The action was brought in the Southern District of New York to recover damages for injuries sustained by plaintiff while a passenger on defendant's railroad at Georgiana, Alabama. Jurisdiction of the subject matter is based on diversity.

Plaintiff is a citizen of New Jersey and defendant is a Kentucky corporation which operates a railroad in certain southern states. It operates no lines in New York. Its chief executive offices are located in Louisville, Kentucky and all operating and traffic policies are determined there. Its stockholder meetings are also held in Louisville.

The activities of defendant in the State of New York are as follows: It maintains a two room office for the solicitation of freight business and a one room office staffed by four employees for the solicitation of passenger business. The freight office does not issue bills of lading or collect freight charges. The passenger office does not sell tickets and it has no facilities for the collection of ticket charges. Neither office settles claims or handles cash transactions. No bank accounts are maintained in connection with either office and all salaries, rent and other expenses are paid by checks sent out from the main office at Louisville.

Defendant also maintains a financial office in New York for the purpose of paying interest on its bonds and transferring its stock. The office is supervised by one of

its vice-presidents, who resides in the State of New York.

Defendant has not designated anyone as its agent for the service of process in the State of New York, it pays no taxes to the State of New York, and it has not obtained a certificate of authority to do business in the State of New York.

Not only is plaintiff not a resident of New York, but none of the events connected with the case took place here. Plaintiff alleges that she purchased a ticket from Andalusia, Alabama to Jersey City, New Jersey, and that the accident occurred while she was alighting from defendant's train at Georgiana, Alabama, which is approximately 550 miles south of Louisville, Kentucky. It does not appear on this record where any of plaintiff's witnesses reside, although she lives in New Jersey. All the members of defendant's train crew and engine crew reside in Alabama. None of its witnesses and none of its records are located in New York. A trial in this jurisdiction would require defendant to bring seven witnesses here, including two doctors. In addition to the expense involved in transporting the witnesses to New York, defendant would be required to quarter and maintain them during the course of the trial.

■ Defendant's liability to a judgment in personam depends upon whether or not the activities of its agents within New York are "sufficient to satisfy the demands of due process. L. Hand, J., in Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 141. Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection. Hutchinson v. Chase & Gilbert, supra, 45 F.2d 141." International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057.

The language in International Shoe Co., supra, has been held to mean "that consti-tutionally it was not enough to hold a corporation that it did some continuous business within the state of the forum; the injustice might be too great, if it were compelled to stand trial there merely on that account, and regardless of all attending 'inconveniences.'" Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, 185, certiorari denied 338 U.S. 867, 70 S.Ct. 141.

■ A determination of the question as to "Whether due process is satisfied must depend * * * upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." International Shoe Co. v. State of Washington, supra, 326 U.S. 319, 66 S.Ct. 160, 90 L.Ed. 95, 161 A.L.R. 1057. Each case depends upon its own particular facts. International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 583, 34 S.Ct. 944, 58 L.Ed. 1479; St. Louis Southwestern Ry. Co. of Texas v. Alexander, 227 U.S. 218, 227, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas. 1915B, 77.

In the Latimer case, supra, 175 F.2d 186, and in Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, 791, certiorari denied 335 U.S. 814, 69 S.Ct. 32, the Court of Appeals for this circuit indicated that the issues involved in estimating the "inconveniences" which would result in subjecting a corporation to suit in this jurisdiction (the second factor in "presence") "were indistinguishable from those which determined a plea forum non conveniens."

■ Applying these standards to the facts, it appears that the activities carried on by defendant in New York, though continuous, consist solely of the solicitation of freight and passenger business and the maintenance of a financial office for the transfer of stock and payment of interest on its bonds. The claim which is here sued on did not arise out of the activities carried on in New York. In addition, a trial here would subject defendant to great inconvenience and the record discloses no countervailing benefits to plaintiff. Cf. Gulf

Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

These factors do not "make it reasonable and just, according to our traditional conception of fair play and substantial justice", International Shoe Co. v. State of Washington, supra, 326 U.S. 320, 66 S.Ct. 160, 90 L.Ed. 95, 161 A.L.R. 1057 to require defendant to defend this suit here. See Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 533, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 268, 37 S.Ct. 280, 61 L.Ed. 710; Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N.Y. 437, 49 N.E.2d 517.

In addition, it should be noted that in an action brought against this same defendant by a different plaintiff, the New York courts reached the same conclusion on substantially the same facts. Worthy v. Louisville & N. R. Co., Sup.1948, 79 N.Y.S. 2d 588, affirmed, App.Div., 96 N.Y.S.2d 489.

The motion to dismiss for lack of jurisdiction of the person is granted. This disposition renders unnecessary a determination of the other questions raised.

Settle order on notice.