**Lee WIEDERHORN, Plaintiff,**

v.

**The SANDS, Incorporated, Defendant.**

United States District Court
S. D. New York.

June 1, 1956.

Burton L. Knapp, New York City, for plaintiff.

Cohen, McGuirk & Michels, New York City, S. J. Martino, Brooklyn, N. Y., of counsel, appearing specially for defendant herein.

DIMOCK, District Judge.

This is a motion, pursuant to Rule 12 (b) (2), F.R.Civ.P., 28 U.S.C., to vacate service of process upon this defendant on the ground that defendant, a Nevada corporation, is not doing business in this state and therefore not amenable to process here.

Plaintiff is a New York resident who alleges that she was injured while a guest at defendant's hotel in Las Vegas, Nevada. Defendant is not authorized to do business in New York but is listed in the New York telephone directory and on its advertisements as having a New York office at 48 West 48th Street, with telephone number Plaza 7–4454. The building directory at that address lists defendant as a tenant in room 406. Defendant alleges that one Jack Davies leases that office and permits defendant to use his office to receive applications for reservations. Jack Davies alleges that defendant pays him nothing over the expenses involved as remuneration for the use of his office. He permits defendant to maintain a teletype machine in his office for the purpose of communication with Las Vegas.

Service of process was made on one Toni Tuman, secretary to Jack Davies.

She states that she has no relationship with defendant and receives a salary only from Jack Davies.

From the affidavits submitted by plaintiff, I have no doubt that defendant maintains an office in New York City for the purpose of soliciting reservations.

Mere solicitation would be sufficient if the dispute arose out of the activities carried on by defendant in this state, International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95, but that is not the case here. Plaintiff does not even allege that she went to defendant's hotel through a reservation placed in the New York office.

The question whether mere maintenance of an office within a state for solicitation of business subjects a corporation to jurisdiction of the courts of that state seems to arise most frequently in railroad cases. As was remarked by Judge Connally in Insurance Co. of North America v. Lone Star Package Car Co., D.C.S.D.Tex., Houston D., 107 F. Supp. 645, 651, "Looking alone to the railroad cases which have been decided since [International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95], we find many upholding jurisdiction,[1] and an equally impressive array denying it on substantially similar facts.[2]"

In this District, in Smith v. Louisville & N. R. Co., D.C., 90 F.Supp. 189, Judge Samuel H. Kaufman threw in his lot with those who deny jurisdiction in the type form of railroad solicitation case and I see no reason for differing. In that case the activities of the corporation in New York went much farther than those in this case toward making it "reasonable * * * to require the corporation to defend the * * * suit" here within the rule of the International Shoe case [326 U.S. 310, 66 S.Ct. 158].

Defendant's motion to vacate service is granted. Plaintiff's cross-motion for entry of a default judgment must then be denied.

---

1. "Lasky v. Norfolk & W. Ry. Co., 6 Cir., 157 F.2d 674; Willett v. Union Pac. R. Co., D.C.N.D.Ohio, 76 F.Supp. 903; Isenberg v. Atlantic Coast Line R. Co., D.C.Mass., 82 F.Supp. 927; Wadell v. Green Textile Associates, Inc., D.C. Mass., 92 F.Supp. 738; Perkins v. Louisville & N. R. Co., D.C.S.D.Cal., 94 F.Supp. 946; Kendrick v. Seaboard Air Line R. R., D.C.E.D.Pa., 98 F.Supp. 372; Moore v. Atlantic Coast Line R. Co., D.C.E.D.Pa., 98 F.Supp. 375."

2. "Kelley v. Delaware, L. & W. R. Co., 1 Cir., 170 F.2d 195; Zuber v. Pennsylvania R. Co., D.C.N.D.Ga., 82 F.Supp. 670; Doyle v. Southern Pac. Co., D.C. E.D.Mo., 87 F.Supp. 974; Fiorella v. Baltimore & O. R. Co., D.C.E.D.Pa., 89 F.Supp. 850; Smith v. Louisville & N. R. Co., D.C.S.D.N.Y., 90 F.Supp. 189; Goldstein v. Chicago R. I. & P. R. Co., D.C.W.D.N.Y., 93 F.Supp. 671; Webber v. Pan American Airways, D.C.Minn., 85 F.Supp. 959, an airline, rather than railroad case; Lambert v. Schell, 235 N.C. 21, 69 S.E.2d 11."