Harriett MAC INNES and Malcolm D. Mac Innes, individually and as husband and wife, Plaintiffs,

v.

FONTAINEBLEAU HOTEL CORP., Defendant.

United States District Court
S. D. New York.
July 2, 1957.

Louis G. Greenfield, New York City, for plaintiffs.

Steinberg & Clyne, New York City, for defendant.

LEVET, District Judge.

The defendant, Fontainebleau Hotel Corp., makes this motion pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order vacating the service of the summons and complaint and dismissing the action herein on the ground that it is a foreign corporation organized under the laws of the State of Florida and is not subject to process in the State of New York because it is not doing business here.

Plaintiffs are citizens of New York who allege that the defendant's agents made statements about them which were slanderous, false and defamatory while they were guests at the defendant's hotel. Although the complaint does not allege where said statements were uttered other than to charge that they were made in the main entrance and lobby of defendant's hotel, the affidavit of the defendant's comptroller reveals that the defendant owns and operates its resort hotel in Miami Beach, Florida. Moreover, plaintiffs do not allege that their reservations at the hotel were arranged through the New York office.

The defendant is not authorized to do business in New York but it maintains an office at 730 Fifth Avenue, New York City, for the purpose of answering inquiries made by persons in the New York City area concerning reservations and accommodations at the hotel. Brochures are forwarded from this office at the request of interested parties and reservations are received there from prospective guests. The reservations are transmitted to the Florida office for acceptance and confirmation. All deposits for reservations are forwarded in specie to the main office of the corporation in Miami Beach, Florida. The defendant maintains an accommodation bank account in New York City and the salaries of the New York employees are paid by check mailed from the Miami Beach office. All bills and expenses, including rent, for the maintenance of the New York office are approved and paid by the Miami Beach office. The defendant is listed in the New York telephone directory and its name is listed on the building directory at 730 Fifth Avenue. Defendant has advertised in the vacation section of a New York newspaper, wherein the address of its New York office is listed, along with the address of an office in Newark, New Jersey.

Service of process was made on one Martha Towers, who is alleged to have identified herself as the "manager" of the New York office, although when served she stated that a Mr. Mason was the manager.

The foregoing facts clearly demonstrate that the defendant maintains its

New York office for the purpose of soliciting reservations for its hotel in Miami Beach, Florida. However, I do not believe that the above-mentioned facts are sufficient to render the defendant amenable to suit in New York on a cause of action not arising out of the solicitation in New York. The case of Wiederhorn v. Sands, Inc., D.C.S.D.N.Y., 1956, 142 F.Supp. 448, is dispositive of the contentions raised by the plaintiffs. There, the defendant-hotel maintained an office in New York City for the purpose of soliciting reservations for its hotel in Las Vegas, Nevada. The defendant's name was listed in the New York telephone directory and on the building directory at the address of its New York office. Its advertisements included the address of its New York office. The plaintiff was injured while a guest at the hotel in Nevada and she brought her action in New York. Furthermore, she did not allege that she made her reservations through the New York office. Judge Dimock vacated the service of process and said as follows:

> "From the affidavits submitted by plaintiff, I have no doubt that defendant maintains an office in New York City for the purpose of soliciting reservations.

> "Mere solicitation would be sufficient if the dispute arose out of the activities carried on by defendant in this state. International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95, but that is not the case here. Plaintiff does not even allege that she went to defendant's hotel through a reservation placed in the New York office." 142 F.Supp. at page 449.

See also Guile v. Sea Island Co., Inc., Sup.1946, 66 N.Y.S.2d 467, affirmed 272 App.Div. 881, 71 N.Y.S.2d 911, motion for leave to appeal dismissed 297 N.Y. 781, 77 N.E.2d 793.

Defendant's motion for an order vacating service and dismissing the complaint is granted.

So ordered.