**FEDERAZIONE ITALIANA DEI CON-SORZI AGRARI, Libelant,**

v.

**MANDASK COMPANIA DE VAPORES, S.A., Respondent.**

United States District Court
S. D. New York.

Dec. 31, 1957.

Kirlin, Campbell & Keating, New York City, for libelant. Raymond T. Greene, New York City, of counsel.

Hill, Betts & Nash, New York City, for respondent. James E. Freehill, Eli Ellis, David I. Gilchrist, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Respondent moves for an order vacating and setting aside a foreign attachment made by libelant of $1,645,509.73 to respondent's credit with the Atlantic Bank of New York which was levied under Rule 2 of the Rules of Practice in Admiralty Cases promulgated by the Supreme Court (28 U.S.C.).

Libelant, an Italian corporation, sues in personam to recover damages in the sum of five million dollars arising from non-delivery of a cargo of soybean oil shipped aboard the steamship Perama which was lost at sea on March 18, 1957. The cargo was loaded at Baton Rouge, Louisiana, for carriage to Genoa or Leghorn, Italy. The libel, filed on July 19, 1957, alleges that respondent is a Panamanian corporation and was the owner and operator of the Perama at the time of its loss. It contains a clause for foreign attachment of the proceeds of the hull insurance policy covering the loss of the Perama in the hands of several garnishees in this district. There are no allegations in the libel as to the place of business of the respondent, nor does it allege that respondent is not doing business in this district or cannot be found here.

A citation in personam with a clause of foreign attachment in the usual form was issued to the United States Marshal for this district on the date the libel was filed, directing him to cite the respondent "if it shall be found in your district," and "if said respondent cannot be found," to attach respondent's credits in the hands of the named garnishees. On July 22, 1957 the Marshal certified that he had attached respondent's credits in the hands of the Atlantic Bank at 139 William Street, New York City, and that "after due and diligent search" he had been "unable to find the within named respondent in my district." Respondent had a credit with the Atlantic Bank of $1,645,509.73.

The Marshal's statement that he had been unable to find the respondent in the district after due and diligent search was not accurate. It is conceded that the Marshal made no attempt whatsoever to find the respondent or to serve it with process prior to making the attachment. The Marshal was informed by the libelant's proctors that service could not be effected upon the respondent, and proceeded to serve the process of foreign attachment on the garnishees named without any independent inquiry or search for the respondent.

■ Respondent contends that it has been continuously present and doing business in this district since its incorporation in late 1956, with an office at 25 Broadway, New York City; that its president Sideratos a New York resident, was regularly present at this office and available to receive service on respondent's behalf during the period when the attachment was levied; and that all of this was well known to libelant's proctors who had represented Sideratos and other of his companies on prior occasions and had had various dealings with them. Respondent asserts that the failure of the libelant's proctors to inform the Marshal that service could be effected on the respondent, and the absence of any attempt to effectuate such service, requires that the attachment be vacated.

Libelant, on the other hand, asserts that, while it was aware Sideratos operated and controlled other companies

which conducted business in this district at the 25 Broadway address, it was unable, after extensive search, to locate the respondent corporation in this district; that it was therefore justified in informing the Marshal that service could not be made upon the respondent here; and that the foreign attachment was properly levied and should stand.

Rule 2 of the Rules of Practice in Admiralty cases, in so far as pertinent, provides:

"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district. * * * "

Thus a foreign attachment may be levied only "if said respondent shall not be found within the district." The basic question is whether this provision has been complied with as to the corporate respondent here.

" 'When applied to a corporation this requirement (that a respondent be found within the jurisdiction) is the equivalent of saying that it must be present in the district by its officers and agents carrying on the business of the corporation. In this way only can a corporation be said to be 'found' within the district.' " The Melmay, D.C.Canal Zone, 1933 A.M.C. 1057; Benedict on Admiralty (6th ed.) Vol. 2, Sec. 289, p. 351. See, also, American Potato Corporation v. Boca Grande S. S. Co., D.C. E.D.Pa., 233 F. 542; Belgian Mission for Economic Cooperation v. Zarati Steamship Co., Ltd., D.C.S.D.N.Y., 90 F.Supp. 741; Stefanakis v. Sociedad Maritima S. Nicolas, D.C.S.D.N.Y., 102 F.Supp. 544; Tesoriero v. Rederi and Cosmopolitan Shipping Co., Inc., D.C.S. D.N.Y., 1955 A.M.C. 718; Cordts v. Beneficial Loan Soc., D.C.N.J., 34 F.Supp. 197.

■■ A foreign corporation can be said to be present and doing business within the jurisdiction when its activities within this district are sufficient to make it not unfair or unreasonable to require it to respond to suit in this forum. Cf. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; French v. Gibbs Corp., 2 Cir., 189 F.2d 787; Szabo v. Smedvig Tankrederi A.S., D.C.S.D.N.Y., 95 F.Supp. 519, 1951 A. M.C. 481. Each case depends upon its own facts and no one single factor is determinative. International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; St. Louis Southwestern Ry. Co. v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486.

The facts, as they appear from the affidavits submitted by the respective parties on this motion, are as follows:

In the fall of 1956 respondent was incorporated under the laws of Panama. Its principal stockholder was the Edison Steamship Corporation with offices at 25 Broadway, New York City. Anastasios Sideratos, who was the president of Edison Steamship Corporation and another company with its office at this address, was also president of respondent. The respondent was formed for the purpose of acquiring the S. S. Perama and its only business was the ownership and operation of this vessel. Shortly after its incorporation it acquired the vessel and proceeded to recondition it at a cost of some one million dollars. It made two voyage charters of the vessel during the second of which she was lost.

Apparently the only office which the respondent had, apart from what appears to be its statutory office in Panama, was at 25 Broadway with the Edison Steamship Corporation and the other Sideratos

companies. The first and only business meeting of the directors was held at this office. The negotiations and transactions attendant upon respondent's acquisition of the Perama, and all of its business in connection with the vessel's reconditioning, chartering and operation, were carried on there. The officers of Edison Steamship Corporation are in the main identical with those of respondent, and such officers have been regularly present at this office.

Respondent's corporate minute and stock transfer books are kept in the offices of the attorney who organized it at 1 Wall Street, New York City, and its other books and records at 25 Broadway. Its bank account was maintained with the Atlantic Bank of New York at 139 William Street.

However, the respondent was not listed in the New York telephone directory nor in the building directory posted in the lobby of 25 Broadway. While the names of Edison Steamship Corporation, its agent, and of another company controlled by Sideratos, appeared on the door of the offices at 25 Broadway, the name of the respondent did not so appear. However, the respondent was listed in the information directory maintained at the information desk at 25 Broadway as having offices in the room occupied by the Sideratos companies since March, 1957, mail addressed to the respondent was received there, and there is ample evidence that a considerable amount of business was conducted on respondent's behalf from that office. Correspondence with agents in various ports regarding the operation of the Perama, and regarding other business transactions, addressed to the respondent at 25 Broadway, are annexed to the moving affidavits.

It is conceded that Sideratos, the respondent's president, was regularly in the offices at 25 Broadway carrying on the business of the respondent and his other companies having offices at that address. His name appeared on the building directory of 25 Broadway and on the door of these offices.

The libelant's proctors had previously represented Sideratos in transactions involving the other corporations controlled by him. They were well aware that Sideratos was the respondent's president and that he was available at his office at 25 Broadway in this district. Indeed, in the course of discussions regarding the very claim which they now make, these facts were specifically brought to the attention of libellants proctors.

The libelant asserts categorically, however, that at the time the libel was filed the respondent was not maintaining an office nor carrying on business within this district. Its proctors assert that they reached this conclusion after determining that the respondent was not listed in the New York telephone directory or any other directories in the city, that its name was not on the building directory nor listed on the door of the offices at 25 Broadway, that the vessel Perama, which was its principal asset had never visited the port of New York, and that the respondent had never filed an occupancy tax or general business tax return in this city. Libelant admits that the affidavit submitted by Sideratos is basically true, but maintains that the facts which the affidavit states go only to show that Sideratos himself was present and available in New York, but not that the respondent corporation was present or available for service here. It insists that its investigations show that the respondent could not be found in this district within the meaning of the statute, and that it was therefore justified in instructing the Marshal to proceed directly to make the attachment without any attempt to search for or serve the respondent.

I cannot agree with the libelant. It is not entirely clear whether libelant's cause of action arose from activities carried on by respondent within this jurisdiction, in which event it would plainly be subject to service here. But even assuming that it did not, such activities are more than sufficient to make respondent present and doing business here so as to render it amenable to service of the

process of this court. See Perkins v. Benguet Consolidated Mining Co., supra; International Shoe Co. v. State of Washington, supra; French v. Gibbs Corp., supra; Smith v. Louisville & N. R. Co., D.C.S.D.N.Y., 90 F.Supp. 189; Mitchell v. The M. V. Wanderer, D.C.S.D.N.Y., 127 F.Supp. 540; Wiederhorn v. Sands, Inc., D.C.S.D.N.Y., 142 F.Supp. 448; McClendon v. Curtis Bay Towing Co., D.C.S.D.N.Y., 130 F.Supp. 455; Satterfield v. Lehigh Valley R. R. Co., D.C.S. D.N.Y., 128 F.Supp. 669; Allegue v. Gulf & South American S. S. Co., Inc., D.C.S.D.N.Y., 103 F.Supp. 34; Rayco Mfg. Co. v. Chicopee Mfg. Co., D.C.S. D.N.Y., 148 F.Supp. 588; Applewhaite v. Saguenay Terminals, Ltd., D.C.S.D. N.Y., 150 F.Supp. 825, 1957 A.M.C. 428.

The case at bar is plainly distinguishable on its facts from Cocotos S. S. of Panama v. Soc. Mar. Victoria, D.C.S.D. N.Y., 146 F.Supp. 540, 1957 A.M.C. 397, on which libelant heavily relies.

In the usual case it is the libelant who asserts that the respondent's activities in the district are sufficient to make it amenable to service, and the respondent in turn denies that it was doing business in the district in this sense. Here the reverse is true for it appears to the advantage of the libelant to claim that the respondent is not doing business within the district so that it may be free to attach the very substantial funds standing to respondent's credit here, whereas the respondent affirmatively asserts that it is doing business here, and that it could have been served had the libelant been so minded.

With the exception of the actual operation of the Perama from port to port, practically all of the business of the respondent was carried on from the offices at 25 Broadway. It is true that the respondent was not listed in the telephone or building directories nor did its name appear upon the door of the office from which it conducted business. But these are not in themselves controlling facts, but merely pieces in the mosaic which must be put together to determine the nature and extent of the foreign corporation's activities in the district for these purposes. What was actually done by way of business activity, the regular presence of the respondent's president at the offices from which it carried on such activities, the listing of the respondent in the building information directory, and the receipt and dispatch of correspondence to and from this office address, the maintenance of a large checking account at one of the banks upon which the attachment was levied, and the keeping of its corporate books and records in this district, all combine to make it plain that if the respondent had been served with the process of this court it could not have escaped this court's jurisdiction. The respondent's activities in this district were systematic and continuous and it is entirely consonant with due process to subject it to jurisdiction in personam in this district by the service of process upon an officer of the corporation in its New York offices.

The fact that respondent did not pay a New York City occupancy or gross receipts tax is not in any way inconsistent with the fact that it was doing business here, and its failure to pay such taxes, even if required, would not exempt it from service of process. Ruby Steamship Corp., Ltd. v. American M. M. & Ins. Co., 224 App.Div. 531, 231 N.Y.S. 503, affirmed Ruby S. S. Corp. v. Globe & Rutgers Fire Ins. Co., 250 N.Y. 573, 166 N.E. 329; Levy v. States Marine Corp., 6 Misc.2d 634, 157 N.Y.S.2d 139, 1957 A.M.C. 99; Tesoriero v. Rederi & Cosmopolitan Shipping Co., Inc., supra.

Since the respondent was thus plainly present in this district and amenable to service of process here, the only other question to be determined is whether libelant used reasonable diligence in attempting to serve it before attaching its property.

The attachment must be vacated unless libelant made a bona fide effort to locate respondent within the jurisdiction and was unable to do so. See The Melmay, supra; Birdsall v. Germain Co., D.C.S.D.N.Y., 227 F. 953; Shewan v. Hallenbeck, D.C.S.D.N.Y., 150 F. 231;

The Valmar, D.C.E.D.Penn., 38 F.Supp. 615; Benedict on Admiralty, supra, Sec. 290.

Did the libelant here make a bona fide effort to locate the respondent within the district and to make service upon its officer? I do not believe that it did. Libelant's investigation does not appear to have been for the purpose of ascertaining whether respondent could be served in this district, but rather for the purpose of establishing that it could not. Libelant's proctors knew full well that Sideratos, the respondent's president, could be found at any time at the 25 Broadway office. While they carefully collected all the indicia which they could find negativing the presence of the respondent in the district, they did not even take the trouble to make inquiry at the information desk of 25 Broadway as to whether the respondent had offices in that building. Had the investigation been conducted in a bona fide effort to determine whether respondent actually conducted business from the offices where libelant's proctors knew its president could be regularly found, libelant could scarcely have avoided learning that respondent was doing business here and that effective personal service could be made upon it by serving its president.

It is significant that the libelant did not even inform the Marshal who respondent's president was or that he could be found at the 25 Broadway address. Instead, it advised the Marshal, contrary to the fact, that service could not be effected upon respondent in this district, and indicated to the Marshal that the attachment should be levied without further inquiry. In fact, the Marshal was foreclosed from making inquiry at the very place at which, and from the very person upon whom, service could have been effected. In my view this plainly shows that no bona fide effort was made to locate and serve the respondent within this district.

Under these circumstances the libelant has failed to establish compliance with the requirements of Rule 2 of the Rules of Practice in Admiralty that a foreign attachment may be levied only if the respondent "shall not be found within the district."

Though the respondent has appeared specially to make this motion, it has stated to the court that it is prepared to appear generally to defend the suit. Since the respondent proclaims that it is subject to the jurisdiction of this court the motion to vacate the attachment will be granted upon the condition that the respondent appear generally and answer the libel.

Settle order on notice.