**MARYLAND SHIPBUILDING & DRY-DOCK CO., Libelant,**

v.

**PACIFIC RULER CORPORATION, Respondent.**

United States District Court
S. D. New York.

Feb. 9, 1962.

Foley & Martin, New York City, for libelant.

Poles, Tublin & Patestides, New York City, for respondent. John G. Poles, Christ Stratakis, New York City, of counsel.

DAWSON, District Judge.

The respondent in this action has obtained an order requiring the libelant to show cause why an order should not be made pursuant to Rule 21 of the Admiralty Rules of this court and Rule 58 of the Admiralty Rules of the Supreme Court, 28 U.S.C.A. vacating the attachment made against the property of the respondent and dismissing the libel. The libel claims $17,340 for repairs and supplies furnished by the libelant to a vessel owned by the respondent which was stranded off the coast of Brazil and towed as a wreck to Amsterdam in The Netherlands.

On August 24, 1961 the libelant filed a prior action in this court based on the foregoing services and attached with a writ of foreign attachment certain funds, less than the amount claimed, in the hands of the Marine Midland Trust Company of New York.

After negotiations between the parties, an agreement was signed in Amsterdam on December 5, 1961 whereby the respondent placed in escrow in Amsterdam the sum of $17,340 for the purpose of serving as security to satisfy any judgment which a Dutch court might render against the respondent for the services performed by the libelant upon the vessel in question. The agreement recited that in the event that an action was not commenced in The Netherlands by a certain date the money deposited in escrow should be returned to the respondent, with the proviso that the libelant "shall have thereafter no further claim against vessel and/or her Owners." The agreement further recited that "for the purpose of this agreement and actions relating thereto both parties declare to be domiciled as per above respective addresses at the City of Amsterdam, Kingdom of the Netherlands, and to recognize the jurisdiction of the Court at Amsterdam only."

Subsequently the libelant prepared a discontinuance of the New York action of August 24, 1961 and informed the respondent that the action was being discontinued because the libelant, in accordance with its agreement, intended to rely for sole satisfaction on the action which it had instituted in The Netherlands. Accordingly the respondent consented to the discontinuance and a stipulation of discontinuance was entered on January 3, 1962. However, on the very same day the libelant filed in this court a second action (the instant action) which was in all material respects identical with the discontinued one. Immediately upon filing the new libel for the same cause of action, a new foreign attachment was issued attaching the amount of $17,340 which had recently come into the hands of respondent's New York agent. Thus, the libelant had double security for its claim.

The respondent asserts that the discontinuance of the prior action and the contemporaneous institution of a second

action was done for the sole purpose of enabling libelant to attach the funds which had recently come into the hands of the respondent's agent in New York. These funds could not have been attached in the prior action because of the fact that Rule 2 of the Admiralty Rules of the Supreme Court permits a foreign attachment only "if said respondent shall not be found within the district." Since the respondent's attorneys had filed a general appearance in the first action the respondent was "present" in the district up to the time when the prior action was discontinued and no further attachment could be made. See, J. D. & A. B. Spreckles Co. v. The Takaoka Maru, 44 F.Supp. 939 (S.D.N.Y.1942); The Athanasios, 228 F. 558 (S.D.N.Y.1915); 2 Benedict, Admiralty § 349 (Knauth ed. 1940) ("[T]he right to attach property will immediately be lost by the respondent's appearance * * *."). Cf., Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 693, 70 S.Ct. 861, 94 L.Ed. 1206 (1950).

The libelant submitted no papers in opposition to the motion. Its attorney appeared personally and stated that the first action was discontinued because only a small amount of money had previously been attached in New York and the libelant had elected to proceed in The Netherlands where it had full security for its claim. The attorney stated that immediately after the discontinuance of the first action the libelant learned for the first time of the receipt of new funds by respondent's New York agent. Thereupon, in the realization that they could now obtain full security in New York, they brought this second action.

The respondent's version of the circumstances surrounding the filing of the second libel is the more believable. It is highly unlikely that the discovery of the new funds was a chance coincidence occurring immediately after the discontinuance of the first action but in sufficient time to permit the filing of a new libel and obtain a new attachment on the same day. It is fairly obvious that in order to have been able to file the second libel contemporaneously with the discontinuance of the first, the attorneys for the libelant knew of the receipt of funds by respondent's New York agent at the time when the first action was discontinued. The question is whether, under these circumstances, the attachment should be vacated.

Rule 21 of the Admiralty Rules of this court provides that "upon evidence showing any improper practice or a manifest want of equity on the part of the libellant" in the attachment of property an order to show cause may be obtained as to why the attachment should not be vacated. The libelant has not shown cause why the attachment should not be vacated. It has filed no papers in opposition to the motion and the only argument in its favor consists of the oral statements of its attorney. In discontinuing its first action libelant's attorney told the respondent's attorney that the reason for the discontinuance was the fact that libelant intended to rely for satisfaction on its action pending in Amsterdam. This appears to have been a deliberately calculated misstatement of fact which induced the respondent to consent to the order of discontinuance. The actions of the libelant in concealing its motive for the discontinuance of the first action and in attempting by circumvention to increase the amount of its attachment and obtain double security constituted an "improper practice" and displayed a "manifest want of equity." These facts justify vacating the attachment pursuant to Rule 21. Cf., Federazione Italiana Dei Consorzi Agrari v. Mandask Compania de Vapores, 158 F.Supp. 107 (S.D.N.Y.1957) (attachment vacated for failure to make bona fide effort to locate respondent corporation within the district).

In view of the fact that the attachment is being vacated, and consequently, that the libel, which is not based on personal service, must be dismissed, it is unnecessary to consider respondent's argument that the libel should be dismissed on the independent ground that libelant has consented to the exclusive jurisdic-

tion of the Court at Amsterdam. It may be noted, however, that the libelant in this action is not left without a remedy since it has full security for its claim in the action which it has commenced in The Netherlands. Cf., Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 698, 70 S.Ct. 861, 94 L.Ed. 1206 (1950).

The attachment made by the libelant in this action is vacated and the libel is dismissed.